IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY MISNIK<br>726 Perkins Ln.<br>Edgewater Park, NJ 08010 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No. _____ |
| v. | : <br> : | |
| XENIA BENSALEM, INC.<br>d/b/a Meineke<br>2658 Bristol Pike<br>Bensalem, PA 19020<br>     and<br>XENIA FAIRLESS HILLS, INC.<br>d/b/a Meineke<br>125 Route 1<br>Fairless Hills, PA 19030<br>     and<br>XENIA FOXCHASE, INC.<br>d/b/a Meineke<br>8051 Oxford Ave.<br>Philadelphia, PA 19111<br>     and<br>XENIA SOUTHAMPTON, INC.<br>d/b/a Meineke<br>58 2nd St. Pike<br>Southampton, PA 18966 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendants. | : <br> : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.  This action has been initiated by Gary Misnik (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Xenia Bensalem, Inc., Xenia Fairless Hills, Inc., Xenia FoxChase, Inc., and Xenia Southampton, Inc. (*hereinafter* collectively referred to as

"Defendant" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" -42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under the ADA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

[1] Plaintiff will move to amend his instant lawsuit to include a claim under the PHRA once his administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission. Any claims under the PHRA though would mirror the instant ADA claims identically.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendants Xenia Bensalem, Inc., Xenia Fairless Hills, Inc., Xenia FoxChase, Inc., and Xenia Southampton, Inc. are all car maintenance centers owned and operated by Divya Andhavarapu (hereinafter "Andhavarapu"), doing business as "Meineke"

9. While Defendants Xenia Bensalem, Inc., Xenia Fairless Hills, Inc., Xenia FoxChase, Inc., and Xenia Southampton, Inc. are all listed as separate entities with the Secretary of State, they may be treated as a single and/or joint employer of Plaintiff for purposes of the instant action because they are sufficiently interrelated and integrated in their activities, labor relations, financial controls, operations, ownership and management. For example:

   i. All entities are owned and/or operated by Andhavarapu;

   ii. All entities are managed by Lee (last name unknown);

   iii. While Plaintiff was assigned to oversee the Bensalem location (under Lee) after Andhavarapu purchased said location from the predecessor company, Essex Automotive, employees from other locations would be asked to assist Plaintiff at his location. On other occasions, managers/employees from other locations would jointly order parts with Plaintiff's location and also call Plaintiff's location to ask questions and/or seek other forms of assistance;

   iv. Upon information and belief, Andhavarapu holds joint meetings with managers from each location to discuss business matters. In fact, Plaintiff

3

was instructed prior to his termination to attend a manager meeting at the Southampton location on a specific date. However, prior to being able to attend the meeting, Plaintiff was terminated. Plaintiff was later informed by another manager that this meeting did take place and Plaintiff's separation was discussed amongst all managers; and

v. All entities advertise on the same website and do business under the name "Meineke;" and

vi. All entities were created with Pennsylvania's Secretary of State on April 18, 2019 (with the exception of Xenia of Southampton, Inc – which was created on April 19, 2019).

10. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff was employed with Defendant's predecessor, Essex Automotive, for approximately one (1) year, working primarily as a manager (although he still performed some mechanic work).

13. In or about May of 2019, Defendant's owner, Andhavarapu, purchased from Essex Automotive the Meineke location at which Plaintiff worked in Bensalem, PA, as well as 3 other Meineke locations located in Philadelphia, Fairless Hills, and Southampton, PA.

14. Therefore, on or about May 21, 2019, Plaintiff became a full-time employee of Defendant and again was assigned to work as the service manager/general manager of Defendant's Bensalem, PA location (albeit still performing some mechanic work).

15. Plaintiff remained employed with Defendant or approximately one (1) week until he was unlawfully terminated by Defendant in or about late May of 2019.

16. During his employment with Defendant, Plaintiff was supervised by Manager, Lee (last name unknown – hereinafter "Lee") and Andhavarapu.

17. Upon information and belief, Lee managed all four locations owned by Andhavarapu (*i.e.* Defendants Xenia Bensalem, Inc., Xenia Fairless Hills, Inc., Xenia FoxChase, Inc., and Xenia Southampton, Inc.) during Plaintiff's employment with Defendant.

18. Plaintiff has and continues to suffer from disabilities related to his hip and as a result, is (at times) limited in his ability to perform some daily life activities, including but not limited to walking, running, bending, and performing manual tasks.

19. During his brief period of employment with Defendant, Plaintiff was questioned by Defendant's management, including but not limited to his new Manager, Lee and Andhavarapu about his noticeable limp and asked what was wrong with his leg.

20. In response to Lee's and Andhavarapu's inquiry regarding his health condition, Plaintiff informed Defendant's management that he suffers from disabilities related to his hip. Plaintiff also discussed with Defendant's management the possibility of needing medical accommodations in the future (albeit not the near future).

21. For example, Plaintiff informed Defendant's management that he would eventually need to undergo a hip replacement surgery and thus need time off from work related to same.

22. After apprising Defendant's management of his aforesaid health conditions and likelihood of having to undergo surgery to get his hip replaced, Plaintiff was brought into a meeting and informed that he was being terminated for completely pretextual reasons.

23. Among the ridiculous reasons given for Plaintiff's termination, was that he would be out of work for a while to get his hip replaced.

24. Defendant's management also stated at that time of Plaintiff's termination that he was probably only working at Defendant in order to get insurance for and until his hip replacement surgery.

25. While Defendant's management informed Plaintiff that he was being terminated from his employment in May of 2019, Defendant later changed the reason for Plaintiff's separation after he filed a Charge of Discrimination with the EEOC and alleged that Plaintiff actually quit his employment with Defendant – which is completely false.

26. Based on the foregoing, Plaintiff believes and avers that he was terminated from his employment with Defendant in violation of the ADA.

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**(Actual/Perceived/Record of Disability Discrimination & Retaliation)**
**-Against All Defendants-**

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected his ability to perform some daily life activities – as discussed *supra*.

29. Plaintiff apprised Defendant's management of his aforesaid health conditions and the possibility of needing a reasonable medical accommodation in the future.

30. Plaintiff was terminated from his employment (1) shortly after apprising Defendant's management of his disabilities; (2) in close proximity to when he discussed with Defendant's management the possibility of needing reasonable medical accommodations in the future; and (3) for completely pretextual reasons – including reasons directly associated with his aforesaid health conditions.

31. Plaintiff believes and therefore avers that he was terminated from Defendant because of: (1) his known and/or perceived disabilities; (2) his record of impairment; and/or (3) because he discussed with Defendant's management the possibility of needing accommodations in the future.

32. These actions as aforesaid constitute violations of the ADA, as amended.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: May 26, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Gary Misnik : CIVIL ACTION
v. :
Xenia Bensalem, Inc. d/b/a Meineke, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.        ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| 5/26/2020 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _726 Perkins Lane, Edgewater Park, NJ 08010_

Address of Defendant: _2658 Bristol Pk, Bensalem PA 19020; 125 Rte 1, Fairless Hills PA 19030; 8051 Oxford Ave, Phila PA 19111; 58 2nd St Pk, Southampton PA 18966_

Place of Accident, Incident or Transaction: _Defendants place of business_

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _5/26/2020_   _(signature)_   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Ari R. Karpf_, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _5/26/2020_   _(signature)_   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MISNIK, GARY

**(b)** County of Residence of First Listed Plaintiff: Burlington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
XENIA BENSALEM, INC. D/B/A MEINEKE, ET AL.

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 196 Franchise | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | | | 864 SSID Title XVI | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER:

DATE: 5/26/2020
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____